UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-61758-CIV-COHN/SELTZER

CONSENT CASE

KHADENE BROWN,

      Plaintiff,

vs.

AMERICAN EXPRESS COMPANY, INC.,
a Foreign corporation,

      Defendant.

_____/

## ORDER REMANDING CASE TO STATE COURT

THIS CAUSE is before the Court on Plaintiff's Motion to Remand Matter with Incorporated Memorandum of Law (DE 5) and the Court being sufficiently advised, it is hereby ORDERED that the Motion to Remand Matter is GRANTED and Plaintiff's request for attorney's fees is DENIED for the reasons set forth below.

## BACKGROUND

On October 12, 2009, Plaintiff Khadene Brown filed this action against her former employer, American Express Company,[1] in state court.[2]  The Complaint alleges that Defendant discriminated against her on the basis of disability discrimination in violation

_____

[1]  Defendant represents that Plaintiff's employer was actually American Express Travel Related Services Company, Inc.  See Notice of Removal at 1 n.1 (DE 1).

[2]  Plaintiff originally filed this action in the Circuit Court of the Seventeenth Judicial Circuit, in and for Broward County, Florida, styled Khadene Brown v. American Express Company, Case No. 09-055588-04.

of the Florida Civil Rights Act of 1992 ("FCRA"), Fla. Stat. § 760, et seq.  In the *ad damnum* clause of the Complaint, Plaintiff seeks "all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any other lawful relief this Court deems to be just and proper." Complaint at 4, attached to Notice of Removal, Ex. A (DE 1).

On November 3, 2009, Defendant timely filed a Notice of Removal (DE 1), removing the case to this Court on the basis of diversity of citizenship under 28 U.S.C. § 1332(a). Defendant contends that the parties are citizens of different states and the matter in controversy exceeds $75,000.  On November 11, 2009, Plaintiff filed a Motion to Remand Matter (DE 5), arguing that Defendant has not sufficiently demonstrated that Plaintiff's damages reach the jurisdictional amount.  Defendant has filed a Response in Opposition to the remand motion (DE 6), and Plaintiff has replied thereto (DE 12).  On December 3, 2009, the District Court transferred this case for all further proceedings (including trial and the entry of judgment) to the undersigned Magistrate Judge pursuant to the consent of the parties (DE 9).

<u>LEGAL STANDARD</u>

Under 28 U.S.C. 1441, any case filed in state court may be removed to a federal district court if the case could have been brought originally in federal court.  28 U.S.C. § 1441(a).[3]  United States District Courts have original jurisdiction over all civil actions

---

[3]  Removal is accomplished by the defendant filing in the United States District Court a "notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action."  28 U.S.C. § 1446(a).

between parties of diverse citizenship where the amount in controversy exceeds $75,000, exclusive of interests and costs.  28 U.S.C. § 1332(a).  Accordingly, "when an action is removed from state court, the district court first must determine whether it has original jurisdiction over the plaintiff's claims."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).

A removing defendant bears the burden of proving the existence of federal jurisdiction.  Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000).  Where the plaintiff has not specified the amount of damages (as here), the removing party must establish the jurisdictional amount by a preponderance of the evidence.[4]  Leonard v. Enterprise Rent A Car, 279 F.3d 967, 972 (11th Cir. 2002); Williams v. Best Buy Co., 269 F.3d 1316, 1319 (11th Cir. 2001).

Because "removal jurisdiction implicates federalism concerns, removal statutes must be strictly construed."  Lazo v. US Airways, Inc., No. 08-80391-Civ, 2008 WL 3926430, at *1 (S.D. Fla. Aug. 26, 2008) (Ryskamp, J.).  If federal jurisdiction is questionable, "all doubts about jurisdiction should be resolved in favor of remand to state court."  Id. (quoting Am. Tobacco, 168 F.3d at 411); see also Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) (When the "plaintiff and defendant clash about jurisdiction,

---

[4] By contrast, "where a plaintiff asserts in her *ad damnum* clause a specific claim for less than the jurisdictional amount, [the] defendant, to establish removal jurisdiction, [i]s required to prove to a legal certainty that plaintiff, if she prevailed, would not recover below [the amount-in-controversy requirement]."  Ponce v. Fontainebleau Resorts, LLC, 653 F. Supp. 2d 1297, 1301 (S.D. Fla. 2009) (Altonaga, J.) (quoting Burns, 31 F.3d at 1097.

uncertainties are resolved in favor of remand.").

After removal, a plaintiff may move to remand the action to state court pursuant to 28 U.S.C. § 1447(c).  A motion to remand based on a removal defect (other than lack of subject matter jurisdiction) must be brought within 30 days after the filing of the defendant's notice of removal.  Id.  However, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Id.

ANALYSIS

Jurisdiction based on the diversity statute, 28 U.S.C. § 1332, exists where (1) the plaintiff and the defendant are citizens of different states and (2) the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."  28 U.S.C. § 1332(a)(1).  The parties here do not dispute that they are citizens of different states.[5]  The sole issue for the Court's consideration, therefore, is whether Defendant has sufficiently established by a preponderance of the evidence that the amount in controversy exceeds the $75,000 jurisdictional amount.

In Lowery v. Alabama Power Company, 483 F.3d 1185 (11th Cir. 2007), the Eleventh Circuit clarified "how a district court must proceed in evaluating its jurisdiction after removal."[6]  Id. at 1187.  The court explained that under 28 U.S.C. § 1446(b), removal

---

[5] Plaintiff is a Florida citizen, see Notice of Removal ¶ 3 (DE 1), and Defendant is a New York citizen, id. at ¶ 4.

[6] "Although Lowery itself involved the Class Action Fairness Act ("CAFA"), it interprets general removal statutes and has been applied by courts outside of the CAFA context." Spivey v. Fred's Inc., 554 F. Supp. 2d 1271, 1274 n.1 (M.D. Ala. 2008); see also Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *2 n.1 (M.D. Fla. Oct. 6, 2009) ("Although Lowery was decided in a Class Action Fairness Act ("CAFA") case, its holding is not limited to that context.").

may be based on either the plaintiff's initial pleading (such as a complaint), or "a copy of an amended pleading, motion, order or other paper." Id. at 1212-13. If removal is based on a document other than the plaintiff's initial pleading, that document must have been supplied by the plaintiff. Id. at 1215 n.63. Under Lowery, a court's inquiry as to the propriety of removal is limited to the notice of removal and accompanying documents. Id. at 1213-14. "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deductible from them, then the court has jurisdiction." Id. at 1211. However, where the plaintiff has failed to specify damages, the defendant bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. Id. at 1208. The Lowery Court added, "[t]hough the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show **by fact, and not mere conclusory allegation**, that federal jurisdiction exists." Id. (emphasis added). If the evidence is insufficient to establish the court's jurisdiction, "neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." Id. at 1214-15.

Accordingly, to determine whether Defendant has sufficiently established the required amount in controversy, this Court must look only to the removing documents, which here consists of Defendant's Notice of Removal and the attached Complaint. Plaintiff's Complaint does not specify the amount of damages sought nor is it apparent from the face of the Complaint that Plaintiff's damages exceed the jurisdictional amount. Rather, the Complaint seeks "all damages recoverable under the Florida Civil Rights Act of 1992, including punitive damages, as well as costs, expenses, attorney fees and any

5

other lawful relief this Court deems to be just and proper."  Complaint, attached to Notice of Removal, Ex. A (DE 1).

In its Notice of Removal, Defendant contends that Plaintiff's potential damages under the FCRA include lost wages or "back pay," "front pay," compensatory damages, and punitive damages, as well as attorney's fees.  Defendant has estimated potential damages for each category and argues that the cumulative value "will more likely than not involve an amount in controversy in excess of $75,000."  Notice of Removal ¶ 15 (DE 1).  Plaintiff responds that Defendant's valuation of her discrimination claim is based only on impermissible speculation, and, therefore, Defendant has failed to meet its burden of establishing the required $75,000 jurisdictional amount.  Additionally, Plaintiff points out that Defendant has failed to inform the Court that before filing suit Plaintiff made a settlement offer substantially lower than the jurisdictional amount.[7]  Plaintiff argues that in light of the settlement offer, "for Defendant to now come forth and claim that Plaintiff's claim is likely worth more than $75,000 demonstrates the true lack of grounds that the Defendant has to invoke this Court's jurisdiction."  Motion to Remand at 6 (DE 5).

The Court will now consider, in turn, the types of damages potentially available to

---

[7] Plaintiff has not identified the amount of her settlement offer nor has she provided the Court with any documentation of the offer; she did, however, state that she would provide the Court with the settlement figures and/or a copy of the settlement offer letter given to Defendant's counsel, if necessary.  Defendant has not disputed that Plaintiff's settlement offer was less than the jurisdictional amount.  A court may consider a plaintiff's settlement offer in determining whether the amount in controversy has been satisfied; however, such settlement offer is not conclusive.  See Burns, 31 F.3d at 1097 (in holding that the defendant had failed to prove the necessary amount in controversy, the appellate court noted that the plaintiff had offered to settle the case for $45,000, stating "[w]hile [the plaintiff's] settlement offer, by itself, may not be determinative, it counts for something." Id.

Plaintiff and Defendant's estimations thereof to determine whether Defendant has sufficiently established that the jurisdictional amount has been satisfied.

    <u>Back Pay</u>.   In considering a motion to remand, one court in this District has described an award of back pay:

> Florida courts have held that decisions construing Title VII are applicable when considering claims under the [FCRA] because the Florida Act was patterned after Title VII.  Under Title VII, a successful plaintiff is presumptively entitled to back pay, which is calculated from the date of the adverse employment action until the date of judgment.  In calculating a back pay award, the trial court must determine what the employee would have earned had she not been the victim of discrimination, and must subtract from this figure the amount of actual interim earnings.

<u>Love v. Northern Tool & Equip. Co.</u>, No. 08-20453, 2008 WL 2955124, at *3 (S.D. Fla. Aug. 1, 2008) (Cooke, J.) (internal citations and quotation marks omitted.)

    According to Defendant, Plaintiff earned an annual salary of $30,010, exclusive of non-monetary fringe benefits.  Defendant contends that for purposes of determining the jurisdictional amount, back pay should be calculated from the date Plaintiff's employment was terminated  (April 25, 2008) through the trial date.[8]  In support, Defendant relies on a case decided before <u>Lowery,</u> <u>Brown v. Cunningham Lindsey US, Inc.</u>, No. 305CV141J32HTS, 2005 WL 1126670, at *3-4 (M.D. Fla. May 11, 2005), in which the court calculated back pay through the date of trial.

    In a more recent case, decided after <u>Lowery</u>, a court from the Middle District of Florida considered the amount of back pay through the time of removal and held that, in

---

[8]  Defendant has estimated that the trial will be held in October 2010 – one year from the October 12, 2009 filing of this action.  The trial, however, has been specially set to commence on August 2, 2010.

light of Lowery, additional back pay through the time of trial should not be included in determining the amount in controversy. Snead v. AAR Mfg., Inc., No. 8:09-cv-1733-T-30EAJ, 2009 WL 3242013, at *3 (M.D. Fla. Oct. 6, 2009).  The Snead Court explained:

> At the time of removal, the back pay claim of $43,548.12 does not reach the jurisdictional amount.  Further, that amount cannot be satisfied by speculation as to the amount of damages through the trial date.  The cases Defendant relies upon to support its argument that the damages can be calculated through the date of trial were decided prior to Lowery, which drastically changed the analysis of removal. Simply put, "any attempt to engage in a preponderance of the evidence assessment at this juncture would necessarily amount to unabashed guesswork, and such speculation is frowned upon."  Lowery, 483 F.3d at 1210-11; see also Matthew v. S & B Engineers and Construction, Ltd., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931, at *3 (M.D. Fla. 2009) (holding that evidence of plaintiff's failure to stipulate regarding the jurisdictional amount, her back pay damages was insufficient to establish the jurisdictional amount).  For the foregoing reasons, Defendant has failed to carry its burden of demonstrating the jurisdictional amount and Plaintiff's Motion for Remand must be granted.

Snead, 2009 WL 3242013, at *3 (footnote omitted).

Defendant suggests that this Court should ignore the teachings of Lowery and instead follow the Eleventh Circuit decision in Kok v. Kadant Black Clawson, Inc., 274 Fed. Appx. 856, 2008 WL 1823336, at *1 (11th Cir. April 24, 2008), which was decided after Lowery.  In Kok, an age discrimination action, the defendant calculated the plaintiff's potential back pay damages to be $94,963. In support of its back pay calculation, the defendant submitted the plaintiff's W-2 form that listed the plaintiff's gross pay for the first 11 months of the year at $75,823.66; it additionally submitted an affidavit that stated that Kok's benefits within the same period were valued at $7,944.71.  Without any discussion,

8

the appellate court ruled that "[t]he district court correctly concluded that [the defendant] established that, at the time of removal, [the plaintiff's] complaint for damages exceeded the amount in controversy required for diversity jurisdiction." Id.

In the instant case, Defendant argues that the Kok Court so ruled "not based on evidence on the face of the complaint or other document provided by plaintiff, but based on the amount of the plaintiff's annual salary identified by the former employee in response to the motion to remand." Response at 5 (DE 6). According to Defendant, "in concluding that the amount in controversy exceeded $75,000 at the time of removal, the Eleventh Circuit affirmatively rejected Plaintiff's interpretation of the Court's dicta in Lowery and accepted as sufficient the very type of evidence that American Express uses to support its Notice of Removal." Id. The Kok decision, however, is unpublished and, as such, is not binding on this Court. See U.S. Ct. of App. 11th Cir. Rule 36-2, 28 U.S.C.A ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority."). Significantly, the defendant in Snead had also relied on Kok in support of its argument that back pay through the date of trial should be considered in calculating the amount in controversy. In rejecting this argument, the Snead Court noted: "[A]lthough the Eleventh Circuit's unpublished decision in [Kok] was decided after Lowery, the holding does not cite to Lowery and the issue on review was decided by the District Court prior to Lowery." Snead, 2009 WL 3242013, at *3, n.2. Moreover, in Kok (unlike the instant case), the back pay amount alone exceeded the $75,000 jurisdictional amount.

Accepting Defendant's (unsupported)[9] representation in its Notice of Removal that Plaintiff's annual base salary was $30,010 at the time of her termination, the potential back pay damages alone do not exceed the jurisdictional amount –  whether measured from Plaintiff's April 25, 2008 termination date to the November 3, 2009 removal date or through the August 2, 2010 trial setting.  Back pay from termination to removal would amount to approximately $45,774, and back pay from termination through trial would amount to approximately $68,773.[10]

   Front Pay.  In addition to back pay, "in order to truly make a successful [FCRA] plaintiff whole, he or she is further entitled to either reinstatement or to what has come to be known as 'front pay,' that is, an amount of money awarded after trial in lieu of, or until, reinstatement."  Brochu v. City of Riviera Beach, 304 F.3d 1144, 1162 (11th Cir. 2002); see also Shore v. Federal Exp. Corp., 777 F.2d 1155, 1158 (6th Cir. 1985) ("Without a front pay award or reinstatement, the plaintiff is uncompensated for the time

---

 [9]  Without a supporting affidavit or other documentation, Defendant set forth in its Notice of Removal Plaintiff's annual base salary.  In its response in opposition to Plaintiff's Motion to Remand, Defendant did submit Plaintiff's W-2 forms.   But under Lowery, the Court is not to consider evidence not contained in the removing documents (the Notice of Removal and Complaint).  Moreover, the W-2's are not documents produced by Plaintiff.

 [10]  In calculating these amounts, the Court used a monthly salary of $2,500.83 ($30,010 ÷ 12) and a daily salary of $84.30 ($30,010 ÷ 356).  A period of 18.5 months and 9 days elapsed between Plaintiff's termination and the November 3, 2009 removal date, resulting in back pay of $45,773.64 (18.5 months x $2,500.83 = $45,014.94, in addition to 9 days x $84.30 = $758.70).   Assuming a 5 day trial, the time between Plaintiff's termination and the end of trial (commencing on August 2, 2010) would be approximately 27.5 months, resulting in back pay of $68,772.83 (27.5 months x $2500.83).  Defendant correctly notes that using Plaintiff's base salary does not take into account the value of fringe benefits or overtime and incentive pay; Defendant, however, has not proffered any basis from which to calculate such benefits and pay.  Moreover, before awarding back pay any interim earnings by Plaintiff must be subtracted.  The record, however, is devoid of any information as to whether Plaintiff had any such earnings.

between the date of judgment and the date the plaintiff attains the position he or she would have occupied but for the discrimination.  Front pay is therefore simply compensation for the post-judgment effects of past discrimination.").  "Front pay, like reinstatement, is a form of equitable relief which is determined by the court."   Brochu, 304 F.3d at 1162.  "In deciding whether to award front pay, the court considers such factors as whether the plaintiff has a reasonable prospect of obtaining comparable employment, whether the time period for the award is relatively short, [and] whether the plaintiff intended to work or was physically capable of working . . . ."  Downes v. Volkswagen of America, Inc. 41 F.3d 1132, 1141 (7th Cir. 1994).  The value of equitable relief "for amount in controversy purposes is the monetary value of the object of the litigation that would flow to the plaintiff[]" if the requested relief is granted.  Leonard, 279 F.3d at 973.

Defendant here suggests that one year of Plaintiff's $30,010 base salary is reasonable to include in the amount-in-controversy analysis.  Defendant, however, has provided no basis for its suggestion.  To include this figure in calculating the amount in controversy would require this Court to "engage in impermissible speculation."  Lowery, 483 F.3d at 1220.

Compensatory Damages.   The FCRA provides that a court may also award compensatory damages, including "damages for mental anguish, loss of dignity and any other intangible injuries. . . ."  Fla. Stat. § 760.11(5).  Defendant argues that Plaintiff may be awarded  compensatory damages for intangible, non-economic losses that potentially exceed the jurisdictional minimum.  It does not attempt to place a value on such damages; instead, Defendant merely argues that "even 'garden variety' compensatory damages in

11

employment cases may significantly increase the amount in controversy." Notice of Removal at 4 (DE 1). In support, Defendant cites to an Eleventh Circuit age discrimination decision in which the appellate court upheld an award of $150,000 for emotional distress based solely on the plaintiff's testimony as to the impact of his termination. See Munoz v. Oceanside Resorts, Inc., 223 F.3d 1340, 1349 (11th Cir. 2000).

Similarly, the defendant in Lowery attempted to establish the required amount in controversy by submitting evidence of the value of purportedly similar tort claims. The court ruled that reliance on such other cases was insufficient to establish the jurisdictional amount, stating:

> First, we note that this evidence regarding the value of other tort claims was not received from the plaintiffs, but rather was gathered from outside sources. As such, the evidence is not of the sort contemplated by § 1446(b). Even if the defendants had received the evidence of other suits from the plaintiffs, we question whether such general evidence is ever of much use in establishing the value of claims in any one particular suit. Looking only to this evidence and the complaint, the facts regarding other cases tell us nothing about the value of the claims in this lawsuit. Even were we to look to evidence beyond that contained within the notice of removal, in the present dispute - with a record bereft of detail - we cannot possibly ascertain how similar the current action is to those the defendants cite. Absent specific detail about the present action, the [other cases cited] in no way clarif[y] the aggregate value of the claims here. The defendants, therefore, have failed to meet their burden.

Lowery, 483 F.3d at 1220-21; see also Federated Mut. Ins. Co. v. McKinnon Motors, LLC, 329 F.3d 805, 809 (11th Cir. 2003) (rejecting "mere citation to what has happened in the past" to "overcome the indeterminate and speculative nature" of a defendant's assertion that the plaintiff's claim exceeded $75,000); Ponce v. Fontainebleau Resorts, LLC, 653 F.

Supp. 2d 1297, 1304-05 (S.D. Fla. 2009) (Altonaga, J.) ("In light of [Lowery], the court is skeptical about gauging the value of Plaintiffs' claims for damages from other (factually distinguishable) cases especially where, as here, the Court has nothing but the Complaint and the Notice of Removal before it.  Indeed, citation to authority alone may not suffice even to meet the preponderance-of-the-evidence standard.")  (footnote omitted); Destel, 2004 WL 746293, at *4 (ruling citation to other cases in which large amounts of compensatory and/or punitive damages were awarded not sufficient to establish amount in controversy where the defendant failed to compare the factual or legal claims made in other cases to the plaintiff's claims and failed to explain the relevance of those awards to the amount-of-controversy inquiry in the case before the court).  Accordingly, Defendant's reliance on a factually dissimilar age discrimination case does not provide a sufficient basis for calculating the amount in controversy.

Punitive Damages.  The FCRA permits an award of punitive damages up to $100,000.  Fla. Stat. § 760.11(5).  Defendant argues that because Plaintiff has not indicated that she intends to seek less than the statutory maximum, punitive damages of $100,000 should be considered in determining the jurisdictional amount.  See Brown, 2005 WL 1126670, at *5.  As has at least one court in this District, this Court disagrees that the statutory maximum should be included in the amount-in-controversy calculation merely because a plaintiff has not indicated she is seeking less.  See Love, 2008 WL 2955124, at *5-6 (rejecting argument that since the plaintiff had not indicated she was seeking less than the $100,000 statutory maximum in punitive damages permitted under the FCRA, the court should find the required jurisdictional amount in controversy satisfied; finding that the

13

defendant had not met its burden of proving that the plaintiff would recover punitive damages of $100,000 or any other amount).

To include the $100,000 statutory maximum in the amount of controversy analysis amounts to pure speculation, which <u>Lowery</u> has ruled a court must not do.  Moreover, as one district court in this Circuit has observed, "if the prayer for punitive damages satisfies the amount in controversy, nearly every [FCRA] case is immediately removable." <u>Desmond v. HSBC Servs., Inc.</u>, No. 8:09-cv-1272-T-23TBM, 2009 WL 2436582, at *2 (M.D. Fla. Aug. 6, 2009) (remanding case after finding that the defendant's speculation as to the amount of punitive damages recoverable not sufficient to establish jurisdictional amount); <u>see also</u> <u>Moore v. CNA Found.</u>, 472 F. Supp. 2d 1327, 1332 (M.D. Ala. 2007) ("[The defendant] argues that the jurisdictional amount is met because [the plaintiff] has requested punitive damages.  But this argument begs the question of what those punitive damages are likely to be – a question that [the defendant] bears the burden of answering.").

Defendant here has failed to explain why the facts in this case would support a punitive damages award at all, much less an award in the amount of $100,000.  Moreover, even were Plaintiff entitled to punitive damages, Defendant has not proffered any evidence on which the Court may calculate potential punitive damages.  And the Court may not engage in impermissible speculation as to the amount of such potential damages (if any) that might be awarded.  <u>See</u> <u>Lowery</u>, 483 F.3d at 1215.

<u>Attorney's Fees</u>.  "As a general rule, attorneys' fees are excluded from the calculation of the amount in controversy." <u>Jackson v. Metropolitan Prop. and Cas. Ins. Co.</u>,

14

No. 6:09-cv-604-Orl-31GJK, 2009 WL 1456439, at *2 (M.D. Fla. May 22, 2009) (citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 1999 (1933)).  However, "[w]hen a statute authorizes the recovery of attorney's fees, a reasonable amount of those fees is included in the amount in controversy."  Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1265 (11th Cir. 2000).  In the instant case, the FCRA permits an award of attorney's fees.  Fla. Stat. § 760.11(5).  Defendant contends that "Plaintiff's attorney's fees necessary to take this case through trial are further evidence that the amount in controversy [is] more than $75,000."  Notice of Removal, ¶ 13.  Defendant states that a conservative estimate of attorney's fees would be $50,000-75,000 through the time of trial.

Conflicting case law exists as to whether the amount of attorney's fees for the amount-in-controversy analysis should be calculated as of the date of removal or through the end of the case, as Defendant suggests.  One court in this District recently held that "for jurisdictional purposes, the amount of attorney's fees are to be calculated at the time of removal."  Rogatinsky v. Metropolitian Life Ins. Co., No. 09-80740-Civ, 2009 WL 3667073, at *2 -3 (S.D. Fla. Oct. 26, 2009) (Marra, J.).  Similarly, other courts considering motions to remand have also held that for the amount-in-controversy inquiry attorney's fees are to be calculated as of the time of removal of the action.  Englemann v. Hartford Cas. Ins. Co., No. 8:09-cv-2274-T-30EAJ, 2009 WL 5176551, at *3 (M.D. Fla. Dec. 23, 2009); Russell Corp. v. Ward, 3:08-CV-293-WKW, 2008 WL 2852311, at *3 (M.D. Ala. July 22, 2008); Waltemyer v. Northwestern Mut. Life Ins. Co., No. 2:06-cv-597-FtM-29DNF, 2007 WL 419663, at *2 (M.D. Fla. Feb. 2, 2007); but cf. Hall v. Am. Sec. Ins. Co., No. 09-21697, 2009 WL 2215131, at *2 (S.D. Fla. July 23, 2009) (Moreno, J.) (rejecting argument

15

that court is to consider attorney's fees incurred only up to time of removal when calculating the amount in controversy, but finding that the defendant failed to show amount of a reasonable fee award); <u>Brown</u>, 2005 WL 1126670, at *4 (including prospective attorney's fees through trial in determining amount in controversy).

 This Court, however, need not decide the proper approach. Defendant has failed to make any showing as to the amount of attorney's fees incurred by Plaintiff at the time of removal. And it has failed to provide any factual (or other basis) to calculate the amount of prospective fees through the time of trial. Rather, with respect to prospective fees, Defendant merely argues that "[t]he Court can take judicial notice that attorney's fees in similar employment cases in the Southern District of Florida routinely approach or exceed the $75,000 threshold." Notice of Removal, ¶ 14. Defendant's mere request that the Court take judicial notice of fee awards in other cases is insufficient. <u>See</u> <u>Desmond</u>, 2009 WL 2436582, at *2 (defendant's speculative estimate of attorney's fees failed to satisfy the jurisdictional amount in controversy; court noted that defendant's estimate was not based on the plaintiff's counsel's customary hourly rate nor the number of hours actually worked by the plaintiff's counsel; court further rejected defendant's reliance on fee award in other cases because it had failed to identify any similarity among the cases, other than that they arose under same statute as case before the court).

 In sum, in deciding whether the amount in controversy requirement has been satisfied, the Court may consider only the <u>removing</u> <u>documents</u> – Defendant's Notice of Removal and Plaintiff's Complaint. Other than Plaintiff's annual base salary at the time of her termination (identified in the Notice of Removal), the Court has no facts from which to

conclude that Plaintiff's damages claim exceeds the jurisdictional amount. "The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be devined by looking to the stars." Lowery, 483 F.3d at 1215. Defendant here has failed to meet its burden of establishing by a preponderance of the evidence that Plaintiff's claim exceeds the $75,000 jurisdictional amount. Although the Court agrees with Defendant that an FCRA plaintiff is entitled to a back pay award, Defendant has failed to establish that back pay alone exceeds $75,000, whether measured from the date of Plaintiff's termination of employment to the date of removal or through trial. And while it is true that an FCRA plaintiff may also be awarded front pay, compensatory damages, punitive damages, and attorney's fees, Defendant's estimates of these damages is purely and impermissibly speculative. Accordingly, Defendant having failed to establish that Plaintiff's potential damages exceed the $75,000 jurisdictional amount in controversy, this Court lacks subject matter jurisdiction and, thus, the case must be remanded to the state court. See Henderson v. Ricoh Americas Corp., No. 8:09-cv-2467-T-23TGW, 2009 WL 5171775, at *2 (M.D. Fla. Dec. 22, 2009) (remanding FCRA case where back pay of $57,803.40 did not reach jurisdictional amount and estimated amount of non-economic damages was speculative, citing Lowery); Matthew v. S & B Eng'rs and Constr., Ltd., No. 8:08-cv-1801-T-33TGW, 2009 WL 249931, at *3 (M.D. Fla. Jan. 30, 2009) (remanding FCRA case where back pay of $66,240 did not reach jurisdictional amount and the defendant's estimated amount of compensatory damages was speculative, citing Lowery).

ATTORNEY'S FEES

Plaintiff moves the Court for an award of costs and attorney's fees incurred in bringing her Motion to Remand.  Under 28 U.S.C. § 1447, when a case is remanded for lack of subject matter jurisdiction, a court may require  the defendant to pay the plaintiff's "just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c).   The United States Supreme Court has held that the "standard for awarding fees should turn on the reasonableness of the removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  Accordingly, "[a]bsent unusual circumstances, courts may award fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."   Id.

The Court declines to exercise its discretion to award attorney's fees incurred in bringing Plaintiff's Motion to Remand.  Although the Court has found that removal was improper, Defendant's legal arguments for removal were colorable based on the decisions in Destal, Brown and Kok.

ORDER

Based on the foregoing, it is hereby ORDERED as follows:

1.      Plaintiff's Motion to Remand Matter (DE 5) is GRANTED;

2.      Plaintiff's request for attorney's fees incurred in bringing her remand motion is DENIED;

3.      This case is REMANDED to the Circuit Court  of the Seventeenth Judicial Circuit, in and for Broward County, Florida.

3.      The Clerk of the Court is directed to take all steps necessary to effect the

18

remand.

      4.     The Clerk is further directed to close this case and terminate any pending motions.[11]

      DONE AND ORDERED in Fort Lauderdale, Florida, this 10th day of February 2010.

BARRY S. SELTZER
United States Magistrate Judge

Copies to:

All counsel of record

---

[11] Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint (DE 4) and Defendant's Motion to Compel (DE 17). Because the Court has found that it does not have subject matter jurisdiction, it cannot rule on these motions.

19